**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 3:13-cr-0032** |
| ) | |
| **MICHAEL SAMUELS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**ORDER**

**BEFORE THE COURT** is the motion of Attorney Namosha Boykin ("Attorney Boykin") to withdraw as counsel for Michael Samuels ("Samuels"). (ECF No. 300.) Samuels opposes Attorney Boykin's motion to withdraw. (ECF No. 301.) For the reasons stated below, the Court will deny the motion to withdraw.

On March 13, 2020, and April 29, 2020, Samuels filed motions for compassionate release 18 U.S.C. § 3582(c)(1). (ECF Nos. 274 and 281.) Those motions sought a sentence reduction on account of Samuels's medical conditions and the COVID-19 pandemic respectively.

On July 27, 2020, this Court entered an order denying Samuels motions without prejudice. (ECF No. 296.) Because the record was sparse with respect to Samuels's medical conditions and Samuels had not satisfied the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) with respect to his arguments related to COVID-19, the Court found "that the most appropriate course of action [was] to deny Samuels' motions without prejudice to allow him an opportunity to present to the [Bureau of Prisons ("BOP")] his request that the BOP move for compassionate release on his behalf in light of COVID-19." *Id.* at 6. The Court also appointed Attorney Namosha Boykin "to represent Michael Samuels with respect to any renewed request for compassionate release that the Court may consider once Samuels has satisfied the exhaustion requirement of Section 3582(c)(1)(A)." *Id.* at 7.

Thereafter, on December 9, 2020, Attorney Boykin filed a motion to withdraw as counsel for Samuels.[1] (ECF No. 300.) In her motion, Attorney Boykin asserts that she "has exercised to the fullest of her abilities her duties to Samuels, including explaining the Court's July 27, 2020 Order and what is required of Samuels therein." *Id.* at 1. Additionally, Attorney Boykin asserts that she and Samuels have a difference of opinion on how he may proceed with a renewed request for compassionate release. *Id.* As a result, Attorney Boykin asserts that there "has been a breakdown of the attorney-client relationship" and requests to withdraw as counsel.[2] *Id.* at 2.

On December 15, 2020, Samuels filed a *pro se* opposition to Attorney Boykin's motion to withdraw. (ECF No. 301.) In his opposition, Samuels asserts that a "disagreement arose when [he] directed Counsel Boykin to file [his] Motion for Compassionate Release." *Id.* at 1. According to Samuels, Attorney Boykin informed him that he "would need to complete the Administrative Grievance Process prior to her filing" a motion for compassionate release on his behalf. *Id.* Samuels argues that this advice is incorrect according to Third Circuit precedent, citing *United States v. Harris*, 973 F.3d 170 (3d Cir. 2020).[3] *Id.* at 1-2. As such, Samuels requests that the Court instruct Attorney Boykin to file a motion for compassionate release on his behalf. *Id.* at 2.

Title 18, Section 3582 of the United States Code ("Section 3582") provides in pertinent part that

> (A) the court, . . . or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may

---

[1] Attorney Boykin refiled her motion on December 16, 2020, to correct the title of the motion in response to a docket annotation from the Clerk's Office. (ECF No. 302.) That motion is materially identical to the motion to withdraw filed on December 9, 2020.

[2] Curiously, Attorney Boykin cites Virgin Islands Rule of Professional Conduct 211.1.16(b)(4) in support of her motion to withdraw. The Local Rules of the District Court of the Virgin Islands require "each attorney admitted or permitted to practice before this Court [to] comply with the standards of professional conduct required by the Model Rules of Professional Conduct (the "Model Rules"), adopted by the American Bar Association, as amended." *See* LRCi 83.2(a)(1). As such, the Court construes Attorney Boykin's motion to withdraw to be pursuant to ABA Model Rule 1.16(b)(4).

[3] It is unclear from Samuels's opposition whether he directed Attorney Boykin's attention to *United States v. Harris*, 973 F.3d 170 (3d Cir. 2020) during his communications with her. Nevertheless, Samuels's opposition clearly placed Attorney Boykin on notice of that case.

reduce the term of imprisonment . . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction; or

. . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1).

The Third Circuit has explained that, before a defendant may file a motion for compassionate release pursuant to Section 3582(a)(1)(A), either (1) the BOP must have had 30 days to consider the defendant's request that the BOP move for compassionate release on his behalf, or (2) the defendant must administratively exhaust an adverse decision by the BOP in response to that defendant's request within that time period. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Significantly, the Third Circuit has explicitly rejected the argument that "because the Warden denied [a prisoner's] request within thirty days, he was required to completely exhaust the administrative remedy process." *See Harris*, 973 F.3d at 171. Indeed, "the statute states that the defendant may file the motion thirty days after the warden receives his request." *Id.*

Here, it appears that the warden of Samuels's facility denied his request that the BOP move for compassionate release on his behalf in light of his medical conditions and COVID-19 on October 30, 2020. *See* Ex. A at 2, ECF No. 308-3. As such, the warden must have received Samuels's request on, or prior to, October 30, 2020. Thus, it appears that Section 3582(a)(1)(A) permitted Samuels to file a motion for compassionate request as of November 29, 2020.

Attorney Boykin thereafter filed her motion to withdraw, citing as a basis that she "has exercised to the fullest of her abilities her duties to Samuels." *See* Mot. to Withdraw at 1, ECF No. 300. Given that Attorney Boykin has not filed a motion for compassionate release on Samuels's behalf, this statement appears to be in conflict with this Court's July 27, 2020 Order and clear Third Circuit precedent. It is especially troubling to this Court that one of the attorneys who volunteered, and was selected, to be on the Court's CJA panel—a role essential to achieving the ideals of the Sixth Amendment's guarantee of counsel—does not appear to

*United States v. Samuels*
Case Number 3:13-cr-0032
Order
Page 4 of 4

be zealously representing the client this Court appointed her to represent. The Court strongly cautions that any attorney appearing before this Court, especially those attorneys appointed to the CJA panel to represent indigent defendants, should ensure diligent, zealous, and competent representation of their clients.

The premises considered, it is hereby

**ORDERED** that Attorney Boykin's motion to withdraw as counsel for Michael Samuels, ECF Nos. 300 and 302, is **DENIED**; it is further

**ORDERED** that Attorney Boykin shall file a motion for compassionate release on Samuels's behalf by no later than July 16, 2021.

**Dated:** June 16, 2021

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**District Judge**